IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DARCEE WHEELAND, Personal Representative of the Estate of Craig Wheeland, Deceased, and CLEAN HARBORS, INC., a Massachusetts Corporation | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 7:04CV5018 |
| vs. | ) ) | ORDER |
| RHONE-POULENC, INC., a Pennsylvania Corporation, | ) ) ) ) | |
| Defendant. | ) | |

  This matter is before the court on the plaintiff Darcee Wheeland's (Wheeland) Motion to Compel (Filing No. 70). The plaintiff Clean Harbors, Inc. filed a response (Filing No. 72) to the motion. Wheeland filed a reply index of evidence (Filing No. 73) containing an affidavit of counsel.

  On February 16, 2006, Wheeland filed a motion to compel Clean Harbors to complete a transfer of evidence to Onyx Environmental Services (Onyx). Wheeland and the defendant seek to conduct testing on the evidence, phosphorus pentasulfide. The plaintiff states that Clean Harbors refused to allow inspection at its facility, but the parties found a third-party, Onyx, to store and allow inspection of the evidence. The plaintiff alleged Clean Harbors "failed to do the appropriate amount of communicating with Onyx to get the materials transferred" causing site visits by the experts to be rescheduled at least twice. Wheeland states "[u]pon most recent inquiry (February 14, 2006)," Onyx "still had not received any communication from Clean Harbors regarding efforts to reschedule the transfer of materials." Wheeland seeks attorney fees associated with the cost of the motion.

  On February 22, 2006, Clean Harbors responded by stating counsel for Wheeland completely failed to comply with Federal Rule of Civil Procedure 37(a)(2)(B), which requires good faith attempts to resolve discovery disputes prior to seeking court involvement.

Further, Clean Harbors states it has made arrangements for Onyx to transport the subject evidence, but that Onyx could not do so until March 8th and 9th, 2006. The communications between Clean Harbors and Onyx occurred before February 14, 2006, revealing Onyx would not be available until March 2006, and the specific dates for transport were determined on February 16, 2006. Clean Harbors argues the failure to confer requires denial of Wheeland's motion for attorney fees and, since the motion to compel was unnecessary, Clean Harbors is entitled to attorney fees.

In reply, counsel for Wheeland states she engaged in correspondence with counsel for Clean Harbors on January 20, 2006, but did not attach the correspondence because it contains privileged information. **See** Filing No. 73. In the January 20 letter counsel warned Clean Harbors she would be "filing the appropriate motions if matter had not moved forward." *Id.* Counsel states, "[i]t appeared, at least for a week or so thereafter, that Clean Harbors was going to cooperate." Counsel contacted Onyx to ask about the status of the transport who said nothing was being done. Although counsel states the issue "was thereafter the subject of continuing email and telephone contact," (Filing No. 73, ¶ 5) counsel wholly fails to provide the court with the showing of personal consultation required by the Civil Rules of the United States District Court for the District of Nebraska, which require:

> To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after **personal consultation** with counsel for opposing parties and **sincere attempts** to resolve differences, they are unable to reach an accord. This showing shall also recite the **date, time and place of such conference** and the **names of all persons** participating in them.

**See** NECivR 7.1(i) (emphasis added); **see also** NECivR 7.1(i)(1) (defining personal consultation). Under the circumstances of this case, the court declines to award attorney fees to either party regarding the instant dispute.

Today, the court received correspondence from counsel for Wheeland requesting the motion to compel be held in abeyance pending completion of the transfer of evidence

2

scheduled for March 8th or 9th, 2006. For the same reason the motion to compel is denied, the request for an abeyance is also denied. Upon consideration,

**IT IS ORDERED:**

Darcee Wheeland's Motion to Compel (Filing No. 70) is denied.

DATED this 7th day of March, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge